UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Plaintiff,

v.                                              CASE NO. 1:09-CV-338

MICHAEL D. FISHER,                  HON. ROBERT HOLMES BELL
NICOLE M. BURGDORF, and
RANDY BURGDORF,

     Defendants.
_____/


## MEMORANDUM OPINION AND ORDER

On September 9, 2009, this Court granted Plaintiff Prudential Insurance Company of America's motion to deposit funds and to dismiss Plaintiff from the action. (Dkt. No. 21.) This matter is before the Court on motions for reconsideration of this order filed by Defendants Nicole and Randy Burgdorf and Defendant Michael D. Fisher. (Dkt. Nos. 28, 29.) For the reasons that follow, these motions will be granted.

The Court's decision to grant Plaintiff's motion was based on its reasonable assumption that Defendants would not resist the motion.[1] After the Court granted the motion,

---

[1] When Plaintiff first expressed its desire to deposit funds and withdraw from the action during a Rule 16 scheduling conference conducted over the telephone on July 24, 2009, no Defendant objected, suggesting to the Court that the motion would be unopposed.

however, and within the time frame allowed for responses under local court rules, Defendants did resist the motion, and they had good reason to do so.

A district court should not permit an interpleader Plaintiff to deposit funds and withdraw from the action until it is satisfied that the Plaintiff has deposited the highest amount for which it ultimately may be liable. *CNA Ins. Cos. v. Waters*, 926 F.2d 247, 249 n.6 (3d Cir. 1991); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Ambassador Group, Inc.*, 691 F. Supp. 618, 620 (E.D.N.Y. 1988). Plaintiff claims that the proceeds from the two life insurance policies that are the subject of this interpleader action amount to $337,000. Plaintiff presents only a general overview of the policy elections available to all LaSalle Bank employees in support of this claim. (Dkt. No. 1 Ex. A.) As Defendants Nicole and Randy Burgdorf argue, Plaintiff does not provide sufficient information pertaining to the decedents' individual policies for the Court to conclude that $337,000 is the highest amount for which Plaintiff will ultimately be held liable. Accordingly, the Court will vacate its decision in the September 9, 2009, order to permit Plaintiff to deposit funds and withdraw from the action. Plaintiff is not permitted to deposit funds and withdraw from the action until it provides adequate documentation of the amount of the policies. If Plaintiff chooses, it may do this by supplementing its complaint and/or brief in support of its motion to deposit funds with the necessary documentation, and by subsequently renewing its motion to deposit funds.

The Court also vacates it decision in the September 9, 2009, order to award Plaintiff costs and attorney's fees, but recognizes that Plaintiff may again move for attorney's fees,

2

if it so desires, if and when it renews its motion to deposit funds. The Court notes, however, that Plaintiff's request must comply with the requirements set forth in Rule 54(d)(2) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions for reconsideration of the Court's September 9, 2009, order (Dkt. Nos. 28 and 29) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's September 9, 2009, order granting Plaintiff's motion to deposit funds and be dismissed from the action (Dkt. No. 21) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to interplead funds and be dismissed from the action (Dkt. No. 20) is **DENIED** without prejudice to Plaintiff's ability to renew the motion as discussed herein.

Dated: December 18, 2009            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE