UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                                 CASE NO. 1:09-CV-338

MICHAEL D. FISHER,               HON. ROBERT HOLMES BELL
NICOLE M. BURGDORF, and
RANDY BURGDORF,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff The Prudential Insurance Company of America's renewed motion to interplead funds and motion for attorney's fees and costs. (Dkt. No. 42.) This Court denied Plaintiff's original motion to interplead funds and withdraw from this action on the ground that Plaintiff had not submitted sufficient documentation indicating that $337,000 "is the highest amount for which Plaintiff will ultimately be held liable." (Dkt. No. 32, at 2.) To its renewed motion to interplead funds Plaintiff attaches a "confirmation of elections" form indicating that the policy issued by Plaintiff in favor of Candy Fisher was, in fact, valued at $337,000 at the time of Michael Fisher II and Candy Fisher's deaths. (Dkt. No. 42, Ex. A.) On April 27, 2010, this Court

granted summary judgment in favor of Defendants Nicole and Randy Burgdorf on Defendant Michael Fisher's claim to the proceeds of Candy Fisher's policy. Because Defendants Nicole and Randy Burgdorf apparently do not assert competing and incompatible claims to the proceeds, the Court will direct Plaintiff to disburse the $337,000 that is due and owing to Nicole and Randy Burgdorf in the manner specified by Nicole and Randy Burgdorf's counsel of record, Michael D. Risko, and dismiss Plaintiff from this action.

Plaintiff also requests costs and attorney's fees. "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) had deposited funds into court, and (4) has sought a discharge from liability. The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate." *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005) (unpublished) (citations omitted). Plaintiff is a disinterested stakeholder, has conceded liability, and has sought a discharge from liability. In addition, though Plaintiff has yet to disburse the funds, Plaintiff has at all times been ready and willing to do so after confirmation from the Court of the accuracy of the amount. Nevertheless, had Plaintiff attached to its original motion to interplead funds the "confirmation of elections" form, it would not have been necessary for Plaintiff to file, and incur the costs and attorney's fees associated with filing, a renewed motion to interplead funds. Thus, in its discretion, the Court will grant Plaintiff its requested costs and attorney's

fees of $10,834.80,[1] minus the costs and attorneys fees associated with the filing of the renewed motion to interplead funds (Dkt. No. 42) totaling $1,199.40,[2] for a total award of $9,635.40.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's renewed motion to interplead funds (Dkt. No. 42) is **GRANTED**. Plaintiff is directed to disburse the proceeds of the life insurance policy issued by Plaintiff that is the subject of this action totaling $337,000 to Defendants Nicole and Randy Burgdorf in a manner specified by Nicole and Randy Burgdorf's counsel of record, Michael D. Risko.

**IT IS FURTHER ORDERED** that Plaintiff is **DISMISSED** from this action and that remaining claims against Plaintiff to the proceeds of the life insurance policy issued by Plaintiff that is the subject of this action totaling $337,000 are **ENJOINED**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recover costs and attorney's fees from Defendants Nicole and Randy Burgdorf in the amount of $9,635.40.

Dated: April 27, 2010         /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE

---

[1] Reflecting $6,186.50 incurred by the DLO firm and $4648.30 incurred by the Nemeth Burwell firm. (Dkt. No. 42, Ex. B.)

[2] Reflecting $1035.00 incurred by the DLO firm and $164.40 incurred by the Nemeth Burwell firm. (Dkt. No. 42, Ex. B.)