UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                      CASE NO. 1:09-CV-338

MICHAEL D. FISHER,              HON. ROBERT HOLMES BELL
NICOLE M. BURGDORF, and
RANDY BURGDORF,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Nicole and Randy Burgdorf's motion for a determination of interest. (Dkt. No. 48.) In cases involving an ERISA-qualified insurance policy, the Sixth Circuit has "'long recognized that the district court may [award pre-judgment interest] at its discretion in accordance with general equitable principles.'" *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 985 (6th Cir. 2000) (quoting *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998)). Pre-judgment interest awards are appropriate to compensate a party for the lost use of funds and to prevent the unjust enrichment of the party wrongfully in possession of the funds leading up to, and throughout the course of, litigation. *Jones v. Jackson Nat. Life Ins. Co.*, 819 F. Supp. 1382, 1383-84 (W.D. Mich. 1993). Though Plaintiff did not act culpably in withholding the proceeds of

Candy Fisher's life insurance policies, at no point did the Court require Plaintiff to deposit the funds into the Court registry, and at all times Plaintiff has been in possession of the funds and in a position to earn a return on the funds. In its discretion and in the interest of equity, the Court will award Defendants Nicole and Randy Burgdorf an amount of pre-judgment interest that will compensate them for the lost use of the life insurance proceeds and prevent Plaintiff from being unjustly enriched by its prolonged possession of the proceeds.

The proceeds from the life insurance policies held by Candy Fisher became due and owing to Defendants Nicole and Randy Burgdorf on December 28, 2006, the date Candy Fisher and Michael Fisher II died. This is the date from which the Burgdorf Defendants are entitled to recover interest on the proceeds of the policies. *See Deenen v. New England Mut. Life Ins. Co.*, 615 F.2d 396, 399 (6th Cir. 1980). The rate of interest should reflect compensatory, not punitive, objectives. *Rybarczyk*, 235 F.3d at 985. To set the rate of interest, the Sixth Circuit has endorsed reliance on 28 U.S.C. § 1961, which provides that the rate should equal the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment. 235 F.3d at 985. However, these rates are currently at unprecedentedly low levels, and the Court does not believe that they would adequately compensate the Burgdorf Defendants or that equity would be served by using them. Rather, the Court will allow an amount of pre-judgment interest that is "tied to prevailing market [interest] rates, thus reflecting what the [Burgdorf] defendants would have had to pay to borrow the money at issue." *Id.* The "prevailing market interest rate" shall be

the average prime rate for the period between December 28, 2006, the date Candy Fisher and Michael Fisher II died, and April 27, 2010, the date of the judgment in this matter. *See EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). Accordingly,

**IT IS HEREBY ORDERED** that Defendants Nicole and Randy Burgdorf's motion for determination of interest (Dkt. No. 48) is **GRANTED** in part. The April 27, 2010, judgment shall be amended to reflect the addition of pre-judgment interest in an amount equal to $337,000 multiplied by the average prime rate for the period between December 28, 2006, and April 27, 2010.


Dated: <u>June 7, 2010</u>                                        /s/ Robert Holmes Bell
                                                                                    ROBERT HOLMES BELL
                                                                                    UNITED STATES DISTRICT JUDGE